HUNTER v. BAKER MOTOR VEHICLE CO. et al.

(Circuit Court, N. D. New York. September 22, 1911.)

1. CORPORATIONS (§ 585*)—POWERS AND LIABILITIES—OWNERSHIP OR CONTROL OF OTHER CORPORATIONS.

While the fact that the stockholders of two corporations, or the greater part thereof, are the same persons, does not operate to destroy the legal identity of either, nor the fact that one corporation exercises a controlling influence over the other, through stock ownership or the identity of stockholders, operate to make either the agent of the other, or to merge the two into one, yet the legal fiction of distinct corporate existence in such cases will be disregarded, when necessary to circumvent fraud, or where one corporation is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality or adjunct of the other.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 585.*

Acquisition by corporation of stock of another corporation, see note to Anglo-American Land M. & A. Co. v. Lombard, 68 C. C. A. 120.]

2. CORPORATIONS (§ 484*)—ASSUMPTION OF DEBTS OF ANOTHER CORPORATION—LIABILITY.

A complaint alleged that defendant corporation owned and controlled another corporation, which was organized solely for the purpose of handling goods made by defendant, and which became indebted to plaintiff; that defendant caused it to transfer its assets, which were in excess of its liabilities, to a third corporation, organized for the same purpose, and also owned and controlled by defendant, for no other consideration than an agreement to pay the debts of the transferring corporation, which it did, with the exception of plaintiff's; that plaintiff did not assent to such transfer, but brought suit against his debtor, pending which the last corporation became bankrupt; that thereupon defendant executed a bond conditioned for the payment of such sum as plaintiff might be entitled in law to receive out of the amount received by the receiver in bankruptcy, on the giving of which bond defendant received the bankrupt's assets; that plaintiff afterward recovered judgment in his suit. Held, that such complaint stated a cause of action on the bond; plaintiff being entitled, on the facts alleged, either to a lien on the assets of the bankrupt for the entire amount of his claim, or to share with its other creditors, a matter to be determined on the trial.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 484.*]

At Law. Action by Louis R. Hunter against the Baker Motor Vehicle Company and the American Bonding Company of Baltimore. On demurrer to complaint on the ground that it fails to state facts constituting a cause of action. Overruled.

Elisha B. Powell (Robert B. Knowles, of counsel), for plaintiff.
Willard P. Jessup, for defendants.

RAY, District Judge. The demurrer of the defendants alleges that the facts stated in the complaint are insufficient to constitute a cause of action. The rule is invoked that a demurrer admits facts alleged, but not conclusions. The complaint alleges:

(1) That the defendant the Baker Motor Vehicle Company is a corporation organized and existing under the laws of the state of Ohio.

(2) The defendant American Bonding Company of Baltimore is a Maryland corporation.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(3) The Baker Motor Vehicle Company of New York, the bankrupt corporation referred to therein and herein, is a New York corporation.

(4) The C. B. Rice Company was and is a New York corporation.

(5) Said C. B. Rice Company was organized by said the Baker Motor Vehicle Company, of Ohio, (called "Ohio Company" for brevity), for the purpose of selling in New York City and vicinity electric vehicles and parts thereof manufactured by said Ohio corporation, and a majority of its stock was owned and controlled by said Ohio corporation, which managed, controlled, and directed all the business and corporate affairs of said C. B. Rice Company, and the minutes of the corporate meetings of the Rice Company (so called for brevity) were submitted to and approved by the said Ohio Company before they became operative or effective.

(6) The Ohio corporation owned and controlled a majority of the stock of the New York Baker corporation (so called for brevity), and R. C. Norton, treasurer of the Ohio corporation, and George H. Kelly, its attorney, owned stock in said New York Baker corporation and were officers therein.

(7) The Ohio corporation caused the New York corporation to be incorporated and organized for the very purpose of taking over all the assets of the Rice Company on the consideration hereafter mentioned.

(8) October 1, 1907, the Rice Company did transfer, assign, and set over to said New York Baker corporation all its assets and property on its agreement to pay all the debts of the said Rice Company, and which agreement was the sole consideration of such transfer.

(9) The capital stock of the New York Baker Company was only $10,000, of which $500 only was paid in.

(10) The assets of the Rice Company, at the time of such transfer by it to the New York Baker corporation, were over $100,000, and more than sufficient to pay all the debts and liabilities of the said Rice Company.

(11) All the creditors of the Rice Company, except the plaintiff here, Louis R. Hunter, consented to such transfer and were subsequently paid.

(12) On or about October 13, 1908, a petition in bankruptcy was filed against the New York Baker corporation in the Southern district of New York, and October 14, 1908, a receiver of its property was appointed by the said court.

(13) There came into the hands of said receiver assets of said New York Baker corporation (bankrupt) to the amount of upwards of $40,000.

(14) The claim of Louis R. Hunter, this plaintiff, against the said Rice Company, was about $8,329.75, and he had commenced an action in the Supreme Court of the state of New York against said company and C. B. Rice to recover same, and the action was then pending.

(15) On the appointment of such receiver and the receipt by him of such assets, a motion was made in said bankruptcy court for an injunction restraining the said Hunter from proceeding with or further prosecuting his said action against said Rice Company on the

ground that said New York Baker corporation "is or may be ultimately liable in case a judgment is obtained against the said Rice Company."

(16) Thereupon the said Ohio corporation, to obtain a free sale of the property in the hands of the receiver belonging to the said New York Baker corporation, bankrupt, entered into the said bond or undertaking in the complaint set out in full, with the American Bonding Company as surety, whereby they covenanted and agreed to pay to the said plaintiff "such sum or sums as he, the said Louis R. Hunter, may be entitled in law to receive out of the amount received by James N. Rosenbery, receiver in bankruptcy of the Baker Motor Vehicle Company of New York for distribution to creditors of said Baker Motor Vehicle Company of New York, upon the said Louis R. Hunter's claim as it is set up in a certain suit," etc.—the suit before mentioned.

(17) The complaint alleges, and the demurrer admits, that the said assets of the Rice Company were received by the New York Baker corporation, subject to a first lien for the payment of the creditors of said Rice Company, and that said Hunter was the only creditor not paid, and that therefore said assets which came to the hands of the said receiver were subject to a first lien in his favor to the amount of his claim, subsequently and on February 4, 1909, reduced to judgment, $8,329.75. Execution was issued and returned unsatisfied.

(18) That on the giving of such bond or agreement the said receiver by authority of the court transferred all the assets of the said New York Baker corporation to the said Ohio corporation, the defendant. If such lien existed, the said Hunter claim was a first lien on the said property and assets that came into the hands of the said receiver in his hands, and the claim is that therefore said sum of $8,329.75 was the amount he (Hunter) was "entitled in law" to receive out of the amount that came to said receiver, some $18,000, for distribution to creditors, from the sale of such property, which was subject to such lien in favor of Hunter. If the lien actually existed and was valid, then, as Hunter was a creditor, he was entitled to the full amount out of the property in the hands of the receiver, unless there were liens prior to his, or creditors entitled to priority of payment over him. The complaint alleges the facts forming the basis of such claim or lien to the amount stated. If the claim is well founded, the plaintiff says he is entitled to be paid the full amount of $8,329.75, and that the bond or undertaking is to pay it.

The defendant says: (1) That such claim is not well founded—that the facts alleged show there was no lien; and (2) that the bond or undertaking is simply to pay the distributive share due Hunter as a general creditor of the New York Baker Company, bankrupt, and there are no facts stated from which it can be determined or said what such share was or will be; also that, conceding a lien in Hunter's favor to the amount stated, the complaint fails to show there were no other liens on the property in the hands of such receiver, or no other creditors of the New York Baker Company, entitled to priority of

payment, and therefore there are no facts stated showing that plaintiff is entitled to recover anything.

Under the allegations of the complaint the defendant the Baker Motor Vehicle Company of Ohio organized and controlled the Baker Motor Vehicle Company of New York for the very purpose of taking over all the property of the C. B. Rice Company, also under the control and management of the said Baker corporation of Ohio. The said Ohio company in fact "controlled and directed all its business and corporate affairs," and all it did was approved by the Ohio Company before becoming effective. The result of the allegations of the complaint, taken to be true, is that the Ohio corporation, defendant, for its own uses and purposes, and to serve its own ends, got possession and control of all the property of the C. B. Rice Company on the agreement to pay all its debts, including that owing to the plaintiff. True, it did not transfer the property to itself, but to the New York Baker Company, owned, managed, and controlled by it. True, the Ohio Company did not itself agree to pay Hunter in the first instance; but it had the New York Baker corporation agree to do so, and later either agreed to pay him the full amount of his debt, or his share in bankruptcy, depending on the true interpretation and meaning of the obligation. The agreement in the first instance of the New York Baker corporation was in effect the agreement and obligation of the Ohio corporation, as it in fact owned, controlled, and managed that corporation.

[1] The fact that the stockholders of two corporations, or the greater number thereof, are the same persons, does not operate to destroy the legal identity of either corporation. Nor does the fact that the one corporation exercises a controlling influence over the other, through the ownership of its stock, or through the identity of its stockholders, operate to make either the agent of the other, or to merge the two corporations into one. There are at least two exceptions to the general rule of separate corporate existence and liability which are specifically applicable in this case, under the facts stated and admitted for the purposes of this demurrer, viz.:

(1) "The legal fiction of distinct corporate existence in such cases will be disregarded, when necessary to circumvent fraud."

(2) "It may also be disregarded in a case where a corporation is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality or adjunct of another corporation."

Here the allegations are that the defendant the Baker Motor Vehicle Company, owned and controlled and managed, not only the Baker Motor Vehicle Company of New York (the bankrupt concern), organized by the defendant company to take over the property of the C. B. Rice Company, but the C. B. Rice Company, and which was organized by the defendant corporation for the purpose of marketing its manufactures.

Owning and controlling and managing both companies, the defendant corporation procured the Rice Company to transfer its assets of over $100,000 to the Baker Motor Vehicle Company of New York, having a capital stock of only $10,000, with only $500 paid in, without

the payment of any consideration whatever; the last-named corporation merely agreeing to pay all the debts of said Rice Company. The debt of the Rice Company to the plaintiff has not been paid, and he did not assent to such transfer of assets; and when the Baker corporation of New York went into bankruptcy he was seeking to enforce his claim, and because of the liability of the bankrupt corporation, and to release the property in the hands of said bankrupt company, or its receiver, and permit its transfer to the defendant corporation, the present obligation or agreement was entered into, and thereupon the receiver transferred all the property to the defendant the Baker Motor Vehicle Company of Ohio.

[2] The claim of the plaintiff against the Rice Company was in litigation; but, when determined, it seems clear that the now bankrupt corporation would have been liable to pay it on the agreement set forth to that effect. The claim would have been provable in bankruptcy, and the trustee, under bond, it is presumed, would have paid it. This plaintiff, in the proceedings in the bankruptcy court, was not seeking further security for his share of the estate on an equality with the other creditors, if any, but was alleging a claim in preference to all others, and opposing the transfer of the property in the hands of the bankrupt or its receiver; and hence the bond or undertaking that his claim should be paid when established in the suit mentioned. He then proceeded to judgment, and exhausted his remedy by execution returned unsatisfied. It is clear that Hunter understood he was obtaining, and that the defendant the Baker Motor Vehicle Company (of Ohio) understood it was giving, an obligation or undertaking that Hunter's full claim as established in the suit pending should be paid in case the alleged lien exists. The bond or obligation sued upon is not limited to Hunter's share in distribution in bankruptcy on an equality with other creditors, but is broad, and entitled him to recover the full sum the facts show he is entitled to out of the property in the hands of the Baker Motor Vehicle Company of New York at the time of its bankruptcy. If he had a lien for the full amount of his claim which he could have sustained in the bankruptcy court, he can prove it and recover it here. If not, he can only recover here his share on an equality of distribution with the other creditors of that corporation. The bond or obligation sued on here does not fix any specific sum, nor does it admit that Hunter had a lien to the full amount of his claim; but the complaint asserts that he did.

The defendant says that, admitting each and every fact stated or pleaded, and excluding the conclusions of law that a lien existed, and which must be sustained, if at all, by the facts pleaded, no lien existed, and that Hunter was a mere general creditor. But the bond covers his share as such. The defendant says the complaint, to state a cause of action, must show, not only the amount of the estate, but the amount of all costs and expenses, the amount of all liens, if any, on the fund, and the amount to be paid to those entitled to priority of payment, if any, and also the amount of the proved claims, before it can be said that the plaintiff is entitled to recover anything. This demurrer cannot be sustained. The plaintiff is entitled to recover on

either theory of construction of the bond claimed by the defendant. It is not necessary now to decide the question of lien. If there were or are claims for expenses, prior liens, and claims entitled to priority of payment which exhaust the entire $40,000, of which $18,000 was available for distribution to creditors, as the complaint alleges and the demurrer admits, the answer must so aver, and the defendant must so prove, or the plaintiff will be entitled to recover the full amount claimed, if his lien is sustained on the proof, or his distributive share, if the fund is sufficient for the purpose, or a lesser sum, if his lien is not established and his distributive share of the fund is less. There is no allegation that the plaintiff has gone into the bankruptcy court and proved his claim there, and that the trustee has failed to pay, and, indeed, no such allegation is necessary. The plaintiff, Hunter, stands upon the bond and his right to recover thereon, and not on the fund that came to the receiver and that should be in the hands of the trustee. The bond is not collateral security to the liability of the trustee.

Under the allegations of this complaint the plaintiff may show, if he does not care to rely on his alleged lien, what his share in distribution would be, and recover that. The defendant here, under all the facts, will be compelled to meet the proposition that the transfer of the assets of the Rice Company was in fraud of the rights of Hunter, and that he was pursuing his remedy by seeking to reduce his claim to judgment, so he could proceed against the property in the hands of the New York Baker corporation, and which assets were in the hands of a receiver of that corporation when the bond was given for the purpose mentioned. It is not clear that the defendant corporation is not liable to Hunter for the full amount of his judgment, irrespective of any lien on the assets transferred, on the ground of an original obligation to pay the debts of the C. B. Rice Company, as it may be, if all the allegations of the complaint are true, that the fiction of separate corporate existence should be disregarded here, as the New York Baker Company and the C. B. Rice Company were merely adjuncts or instrumentalities of the defendant corporation.

If an individual forms a corporation for the purpose of doing business in its name, and owns the stock and incurs debts, he is liable, even if the corporation has no assets. Can a corporation do business in that way and escape liability? It is unnecessary to pass on that question, which is better reserved until all the facts are in evidence and before the court at the trial.

The demurrer is overruled, but defendant may answer in 10 days after being served with a copy of the order to be entered pursuant hereto, on payment of the costs of the demurrer, to be taxed by the clerk. If the costs are not paid, and an answer interposed, the plaintiff will have judgment in due course.